UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CANDACE ERMELS,

                    Plaintiff,

        v.

SHORELINE SCHOOL DISTRICT,

                    Defendant.

CASE NO. 2:20-cv-893-RAJ-BAT

**ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL**

Plaintiff has filed a civil complaint on behalf of a minor alleging retaliation and

discrimination by defendant. Dkt. 9. This is the second complaint plaintiff has filed in this

district against defendant. *See C.M.E. v. Shoreline School District*, Case No. C19-2019-RAJ.

There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931

(9th Cir. 1998). The Court may appoint counsel for civil litigants under 28 U.S.C. § 1915(e)(1),

only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101,

1103 (9th Cir. 2004). The Court considers the likelihood of success on the merits and the ability

of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues

involved in assessing whether exceptional circumstances exist. *Weygandt v. Look*, 718 F.2d 952,

954 (9th Cir. 1983).

1        Plaintiff requests the Court appoint counsel indicating she contacted five lawyers and

2   submitted a claim to the U.S. Department of Education, Office of Civil Rights. These actions do

3   not constitute "exceptional circumstances."  The inability to retain counsel is applicable to all

4   civil cases in which a party seeks appointment of counsel. The submission of the claim to the

5   Department of Education does not, itself, indicate to the Court the merits of the case.

6   Additionally, the record in this case and the other case plaintiff initiated in 2019 shows plaintiff

7   has filed numerous motions, sought extensions, made discovery requests, and filed a motion for

8   summary judgment. Plaintiff has thus demonstrated the ability to adequately proceed pro se in

9   light of the complexity of the case.

10        Accordingly, appointment of counsel is not presently justified at this point and the motion

11   for appointment of counsel, Dkt. 9, is DENIED without prejudice. The clerk shall provide a copy

12   of this order to the parties.

13        DATED this 25th day of June, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2