UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CANDACE ERMELS,

          Plaintiff,

  v.

SHORELINE SCHOOL DISTRICT,

          Defendant.

CASE NO. 2:20-cv-00893-RAJ-BAT

**REPORT AND RECOMMENDATION**

Defendant Shoreline School District ("District") moves to dismiss Plaintiff Candace Ermels' complaint without prejudice because Plaintiff failed to serve the summons and complaint within 90 days of filing as required by Fed. R. Civ. P. 4. Dkt. 25. Plaintiff asks the Court to order her previous attempts to serve the District by mail constitute "retroactive" service or alternatively, to allow her to serve the District by email. Dkt. 29.

The undersigned recommends that the motion to dismiss be denied without prejudice; Plaintiff's motion for "retroactive" service or email service be denied; and that Plaintiff be granted an additional 45 to properly effect service pursuant to RCW 4.28.080(3) and Rule 4(j).

PROCEDURAL BACKGROUND

Plaintiff filed her complaint and application to proceed in forma pauperis ("IFP") on June 10, 2020. Dkt. 1-3. The Court granted Plaintiff's IFP application and docketed the Complaint on June 23, 2020. Dkt. 7, 8. On June 25, 2020, a summons was issued for the District. Dkt. 12.

REPORT AND RECOMMENDATION - 1

On August 4, 2020, Plaintiff filed a Certificate of Service indicating that she had sent a copy of the Complaint to Lynette Baisch, Attorney for the District, by certified mail. Dkt. 14. On August 28, 2020, Plaintiff filed a Certificate of Service indicating that on August 19, 2020, she sent a copy of the Summons, Complaint, Application for fee waiver, and proof of service to Lynette Baisch, to the District by US Priority Mail. Dkt. 15. Plaintiff stated in her filing that the "District office was not open due to COVID for in person service." *Id.*

On September 21, 2020, Plaintiff filed a motion for default. Dkt. 17. On September 23, 2020, the undersigned recommended the motion be dismissed without prejudice because it was filed prematurely. Dkt. 19 (R&R). Plaintiff filed objections to the R&R on October 1, 2020 (Dkt. 22) and amended objections on November 9, 2020 (Dkt. 26). On November 24, 2020, District filed a response to Plaintiff's objections. Dkt. 32. The R&R is pending.

On October 1, 2020, Plaintiff filed a second motion for default. Dkts. 20 and 21. On October 9, 2020, more than 90 days after Plaintiff filed her complaint, the District filed a motion to dismiss without prejudice for insufficient service of process. Dkt. 25.

On November 9, 2020, Plaintiff filed an amended motion for default (Dkt. 28) and motion to serve the District by mail. Dkt. 29. On November 23, 2020, the District filed its opposition. Dkt. 31.

On December 1, 2020, Plaintiff notified the Court Clerk that she would be filing motions to strike all the District's filings because the District had failed to serve her at her home address. Although Plaintiff, who is pro se, has litigated in this District before and signed up for the Court's electronic filing (*see* Case 2:19-2019 RAJ-BAT), she has not done so in this case. Due to the apparent confusion and in anticipation of the motions to strike, the Court ordered the District mail all documents filed by the District in this case to Plaintiff at her home address. Dkt. 33. The

REPORT AND RECOMMENDATION - 2

1  District did so on December 2, 2020. Dkt. 35. Also, on December 2, 2020, the Court

2  recommended that Plaintiff's additional motions for default (Dkt. 20 and 28) be denied. Dkt. 34

3  (R&R). This R&R is also pending.

4      The Court also ordered that the District re-note its motion to dismiss to allow Plaintiff

5  sufficient notice and time to respond because of confusion regarding service. Dkt. 33. The

6  District did so on December 7, 2020. Dkt. 39. On December 7, 2020, at the Court's direction,

7  Plaintiff's motion to serve by mail (Dkt. 29) was re-noted for the same day.

8      Plaintiff filed her opposition to the motion to dismiss on December 9, 2020. Dkt. 40-41.

9  On December 11, 2020, Plaintiff filed objections to the R&R (Dkt. 43), an objection to the

10  Court's Order (Dkt. 44), and a motion for reconsideration (Dkt. 46). The motion for

11  reconsideration was denied. Dkt. 47. Additional replies and responses were filed on December

12  21 and 28, 2020. Dkts. 49 ad 50.

13  FACTS RELEVANT TO SERVICE

14      On the same day she filed her proposed complaint and IFP application (Dkt. 1, 2),

15  Plaintiff notified District Superintendent Rebecca Miner by email that she had filed a lawsuit

16  against the District in this Court. Dkt. 25, Declaration of Lynette Baisch, Exh. A. On June 17,

17  2020, a copy of a civil cover sheet, an unsigned summons, and complaint were received by the

18  District's legal counsel via U.S. Certified Mail. *Id.*, Exh. B. On June 23, 2020, Plaintiff filed a

19  certificate of service, certifying that she had served the District via U.S. Priority Mail on June 9,

20  2020. Dkt. 8, p.10.

21      Summons was issued by the Court on June 25, 2020. Dkt. 12.

22      On August 5, 2020, the District's legal counsel received, by U.S. Mail, a discovery

23  request from Plaintiff. Dkt. 25, Baisch Decl., Exh. C. On August 13, 2020, counsel notified

REPORT AND RECOMMENDATION - 3

1  Plaintiff via letter that she had yet to properly serve the District in the above captioned matter. *Id*.
2  Plaintiff responded via letter dated August 17, 2020 that she had already served the District by
3  sending a copy of the summons and complaint to counsel on June 17, 2020. *Id*., Baisch Decl.
4  Exh. D, p. 1. In her letter, Plaintiff acknowledged she had mailed counsel a copy of the
5  (unsigned) summons and complaint before the Court issued a summons on June 25, 2020. *Id*.
6  Plaintiff also stated she had "mailed a copy of all documents to Superintendent Miner via U.S.
7  Priority Mail to reduce any confusion." *Id*.
8       Plaintiff contends she was unable to properly serve the District because the District's
9  offices were closed "due to COVID." However, District administrative employees were
10 designated essential workers during the COVID-19 pandemic and have been working on-site at
11 the District since March 2020. On March 23, 2020, in response to the coronavirus disease
12 (COVID-19) outbreak in the United States and number of confirmed cases in Washington State,
13 Governor Jay Inslee issued Proclamation 20-25, a "Stay Home – Stay Healthy" mandate
14 effective March 25, 2020. OFFICE OF THE GOVERNOR, PROCLAMATION BY THE
15 GOVERNOR 20-25 (Mar. 23, 2020).[1] The "Stay Home – Stay Healthy" proclamation directed
16 non-essential workers to refrain from participating in social, spiritual and recreational gatherings
17 of any kind. *Id*. It also directed all non-essential businesses in Washington State to cease
18 conducting business. *Id*.
19      The proclamation specifically exempted school employees, who were designated as
20 essential workers due to the community need for school meals, remote learning, and childcare
21 services for children of essential workers. *Id.*; *see also* OFFICE OF THE GOVERNOR,

---

[1] Proclamation 20-25 is available at: https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronavirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.

REPORT AND RECOMMENDATION - 4

PROCLAMATION 20-25 APPENDIX (Mar. 23, 2020).[2] As a result, the District has been staffed with its essential workforce since March to ensure that its students are able to receive necessary services. Dkt. 31-1, Declaration of Marla S. Miller, Deputy Superintendent of the District, ¶¶ 7. This includes the Superintendent's office, which has been staffed for the duration of the pandemic and the resulting transition to remote learning. *Id*., ¶ 8-10. The Superintendent's office continues to be staffed at this time. *Id*., ¶ 12.

By June 19, 2020, the Governor's "Stay Home – Stay Healthy" directive was no longer in effect. *See* King County News Release, King County enters Phase 2 of Safe Start recovery plan (June 19, 2020).[3] The Washington State Department of Health had approved King County's application to enter Phase 2 of the Governor's "Safe Start recovery plan." *Id*. This allowed non-essential businesses, including restaurants, bars, retail establishments, and fitness studios to reopen with adherence to public health safety protocols. *Id*. King County residents were also allowed to gather with a limited number of persons outside of their household for social and recreational purposes. *Id*.

As King County entered Phase 2 of the Governor's recovery plan, essential District staff continued to report to work on-site to ensure that students and families would be provided essential services during remote learning. Dkt. 31-1, Miller Decl. ¶¶ 8, 10-12. The Superintendent's office continued to be staffed throughout the summer as the District prepared for the upcoming school year. *Id*.

---

[2] The Appendix to Proclamation 20-25 is available at: https://www.governor.wa.gov/sites/default/files/WA%20Essential%20Critical%20Infrastructure%20Workers%20%28Final%29.pdf

[3] Available at: https://www.kingcounty.gov/elected/executive/constantine/news/release/2020/June/19-phase-2-reopening.aspx

REPORT AND RECOMMENDATION - 5

Although the front door of the Superintendent's office was locked, since March 12, 2020, it has been affixed with a large sign directing the public to call a specific number if they need to reach someone in the office or deliver legal documents. Dkt. 31-1, Miller Decl., ¶ 9. When someone calls this number, a staff member will greet them at the front door and accompany them into the Superintendent's office. *Id*. The Superintendent's office has received documents from process servers, parents, and citizens in this manner throughout the COVID-19 pandemic. *Id*., ¶ 10-11. At one point, parents were able to use this number to reach the Superintendent's office and obtain necessary technology for students to participate in remote learning opportunities. Dkt. 31-1, Miller Decl., ¶ 10.

During the first three months of remote learning, Deputy Superintendent Marla Miller managed the public phone to the Superintendent's office. Dkt. 31-1, Miller Decl., ¶ 9. She never received a call from Plaintiff or anyone attempting to deliver documents to the District on Plaintiff's behalf. *Id*., ¶ 13. Plaintiff has not contacted anyone in the Superintendent's office to inquire if the administrative buildings remained open beginning in March 2020. *Id*. Neither the Plaintiff nor an adult over the age of 18 has attempted to deliver a copy of the summons and complaint to the Superintendent's office since June 2019 (or prior). *Id*.

## DISCUSSION

Pursuant to Rule 12(b)(5), a party may file a motion to dismiss based on "insufficient service of process." *See* Fed. R. Civ. P. 12(b)(5). Pursuant to Rule 4(m), service of process must be completed "within 90 days after the complaint is filed." *See* Fed. R. Civ. P. 4(m).

"Challenges to the manner of service are interpreted strictly, even for pro se litigants." *Rosado v. Roman*, No. 16-CV-784-SI, 2017 WL 3473177, at *3 (D. Or. Aug. 11, 2017) (citation omitted). "A liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal

requirement as to the manner in which service of process may be had." *Reeder v. Knapik*, No. 07-CV-362-L(LSP), 2007 WL 1655812, at *1 (S.D. Cal. June 5, 2007) (quoting Schwarzer, Tashima, & Wagstaffe, FEDERAL CIVIL PRACTICE BEFORE TRIAL, 5:347 (2005)). Actual notice of a lawsuit does not cure a defect in service. *See e.g.*, *DH Holdings, LLC v. Meridian Link, Inc.*, No. CV 09-9117 ABC, 2010 WL 11597616, at *3 (C.D. Cal. Apr. 9, 2010).

A.     Rule 4(j) Service on a State School District

Rule 4(j) provides that a state-created governmental organization such as the District, "must be served" by either (1) delivering a copy of the summons and complaint to its chief executive officer; or (2) serving a copy of each in the manner prescribed by that state's law for serving summons or like process. The Revised Code of Washington (RCW) 4.28.080(3) provides that service upon a school district may be effectuated by delivering a copy of the summons and complaint to the superintendent or "by leaving the same in his or her office with an assistant superintendent, deputy commissioner, or business manager during normal business hours." Service prescribed in this manner is personal service. RCW 4.28.080.

Thus, both RCW 4.28.080(3) and Rule 4(j) mandate that service on the District be effected by personal delivery of a copy of the summons and complaint on the superintendent or by leaving a copy of the same in his or her office with an assistant superintendent, deputy commissioner, or business manager during normal business hours. There is no legal authority approving service upon the District by U.S. mail.

Plaintiff provides several reasons for her failure to comply with Rule 4's requirements and proposes several theories for not applying Rule 4's requirements to her. First, Plaintiff claims that the Superintendent's office has been "shuttered" since March 2020 and therefore, she was unable to personally serve the District. However, the evidence provided by the District

REPORT AND RECOMMENDATION - 7

reflects that administrative employees were designated essential workers during the COVID-19 pandemic and have been working on-site at the District since March 2020.

Plaintiff also claims that she was unable to deliver a copy of her summons and complaint to the Superintendent's office because process servers do not provide services to pro se litigants. Dkt. 29 at p. 3. Whether in fact, Washington process servers have refused to work with Plaintiff, a credentialed process server is not required to effect service under the rules. Fed. R. Civ. P. 4(c)(2) requires that a copy of the summons and be complaint be served by a person who is at least 18 years old and who is not a party to the action. The rule does not require that such a person be a "credentialed" process server be employed as a process server.

Plaintiff also suggests that modified service procedures for pro se parties appearing before the Federal Circuit Court of Appeals may apply here to waive the requirements of Rule 4. Dkt. 29, p. 3. The modified services procedures do not apply to pro se litigants appearing in the United States District Court and do not apply to parties who have not consented to service of documents via email. Dkt. 29, p. 6.

Plaintiff next suggests that the District's legal counsel has represented herself as the District's "legal agent" and is authorized to accept service of process on behalf of the District. Dkt. 29, p. 3. Plaintiff relies on RCW 23.95.450(1) of the Washington Uniform Business Organizations Code ("UCC"). This statute allows a business entity to "be served with any process, notice, or demand required or permitted by law by serving its registered agent." There is no evidence that the District's legal counsel has been identified to serve this purpose or that the UCC applies to this case.

Finally, Plaintiff argues that she complied with state law in serving the District because RCW 4.28.080(17) allows for delivery of a summons and complaint by first-class mail if the

REPORT AND RECOMMENDATION - 8

defendant is unavailable for in person service. Dkt. 29, p. 3. However, RCW 4.28.080(17) applies only to service under RCW 4.28.080(16), which governs service on individuals, not school districts. This provision allows for delivery of a summons and complaint by first-class mail only when an individual cannot be served with "reasonable diligence."

As previously noted, service upon school districts must be effected by delivering a copy of the summons and complaint to the superintendent or "by leaving the same in his or her office with an assistant superintendent, deputy commissioner, or business manager during normal business hours." RCW 4.28.080(3). On its face, subsection (17) does not apply to exempt Plaintiff from compliance with subsection (3). Moreover, even if RCW 4.28.080(17) were applicable, this provision allows service by mail only "where the person cannot with reasonable diligence be served as described." Here, the Superintendent's office can with reasonable diligence be served in the manner prescribed by RCW 4.28.080(3), as the office has been staffed and available to the public since March 2020. Dkt. 31-1, Miller Decl. ¶ ¶ 7-12. There is no evidence that Plaintiff has made any effort to comply with RCW 4.28.080(3) and therefore, her actions do not constitute "reasonable diligence."

B.     Request for Retroactive Service or Extension for Service by EMail

Plaintiff requests that the Court "retroactively allow the service by US Mail, received by the Defendant, Shoreline School District on August 20, 2020 as official service in this case." Dkt. 29, p. 4. Alternatively, Plaintiff requests a 90-day extension to serve the District by email. *Id.*

Nothing in the federal rules provides for "retroactive" service of process or for service by email. Instead, the appropriate manner of service on a state school district is set forth in Rule (j) and as previously discussed, Plaintiff is not entitled to an exemption from Rule 4(j).

REPORT AND RECOMMENDATION - 9

Under Rule 4(m), a district court "must extend the time for service" if the plaintiff shows "good cause" for a failure to serve within the requisite 90 days. *See* Fed. R. Civ. P. 4(m); *see also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (holding "Rule 4(m) ... requires a district court to grant an extension of time when the plaintiff shows good cause for the delay." "At a minimum, 'good cause' means excusable neglect." *See Boudette v. Barnett*, 923 F.2d 754, 756 (9th Cir. 1991).

Plaintiff has not demonstrated excusable neglect as counsel had no legal obligation to accept service, the District's offices were not closed due to the Covid-19 crisis, and Plaintiff offers no evidence of any attempt to effectuate service pursuant to the rules. Under Rule 4(m), a district court, in the absence of a showing of good cause, nonetheless has discretion to grant an extension. *See Efaw*, 473 F.3d at 1040. In deciding whether to grant such an extension, a district court "may consider factors like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *See id*. at 1041 (internal quotation and citation omitted).

This case was filed seven months ago and although the Court has expended a not inconsiderable amount of time and resources on procedural issues, the Court cannot exercise jurisdiction over the District without proper service. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc*., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4.") On the other hand, the District is aware of Plaintiff's complaint and has shown no prejudice in the delay in service. Under these circumstances and considering that restrictions imposed by the Covid-19 crisis may have caused confusion, the undersigned recommends that Plaintiff be granted additional time to serve Defendant in a manner consistent with the federal rules.

Accordingly, it is recommended:

1) Defendant's Motion to Dismiss (Dkt. 25) be **denied without prejudice**;

2) Plaintiff's motion to serve Defendant via Mail (dkt. 29) be **denied with prejudice**.

3) The Court allow Plaintiff an additional 45 days to properly effect service on Defendant pursuant to Rule 4(j) and RCW 4.28.080(3) .

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **Tuesday, January 26, 2021**. The Clerk should note the matter for **Thursday, January 28, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five (5) pages. The failure to timely object may affect the right to appeal.

DATED this 12th day of January, 2021.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 11