UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CANDACE ERMELS,<br><br>                 Plaintiff,<br><br>   v.<br><br>SHORELINE SCHOOL DISTRICT,<br><br>                 Defendant. | CASE NO. 2:20-cv-00893-RAJ-BAT<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A STATUS REPORT AND DISCOVERY PLAN** |

The parties' Joint Status Report ("JSR") was due on December 10, 2021. Dkts. 65, 66, and 69. Plaintiff avers that she contacted Defendants' counsel requesting a telephone or video conference to comply with the Court's orders but received no response. Dkt. 71. Accordingly, Plaintiff shall submit her proposal for pretrial and trial dates. It is **ORDERED** that Plaintiff shall submit a proposed status report by **December 30, 2021**. Plaintiff's report should contain (where applicable) the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for joining additional parties.

3. A discovery plan that states, by corresponding paragraph letters (A, B, etc.), Plaintiff's proposals on all items set forth in Fed. R. Civ. P. 26(f)(3), including the following topics:

    (A)     the status of the parties' initial disclosures;[1]

---

[1] The parties were ordered to hold a Fed. R. Civ. P. 26(f) conference by September 27, 2021 and to exchange initial disclosures by October 4, 2021.

    (B) subjects, timing, and potential phasing of discovery;

    (C) electronically stored information;

    (D) privilege issues;

    (E) proposed limitations on discovery; and

    (F) the need for any discovery related orders.

  4. Plaintiff's proposal, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A) prompt case resolution;

    (B) alternative dispute resolution;

    (C) related cases;

    (D) discovery management;

    (E) anticipated discovery sought;

    (F) phasing motions;

    (G) preservation of discoverable information;

    (H) privilege issues;

    (I) Model Protocol for Discovery of ESI; and

    (J) alternatives to Model Protocol.

  5. The date by which discovery can be completed.

  6. Whether the case should be bifurcated by trying the liability issues before the damages issues or bifurcated in any other way.

  7. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.

8. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

9. Any other suggestions for shortening or simplifying the case.

10. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

11. Whether the trial will be jury or non-jury.

12. The number of trial days required.

13. The names, addresses, and telephone numbers of all trial counsel.

14. The dates on which Plaintiff may have complications to be considered in setting a trial date.

15. Whether Plaintiff wishes a scheduling conference before the Court enters a scheduling order in the case.

DATED this 13th day of December, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge